IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES L. JACKSON, 04066053, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:05-CV-1072-N |
| ) | |
| DALLAS COUNTY SHERIFF'S DEPT., ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Dallas County Jail. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*.

**II. Background**

Plaintiff alleges that during his incarceration, he was diagnosed as having a skin disorder. He states his condition has become worse, but he has received no treatment during his incarceration. He names the Dallas County Sheriff's Department as a defendant. In response to the Magistrate Judge's Questionnaire, he also names Dallas County and the University of Texas Medical Branch as Defendants.[1]

---

[1] Plaintiff's answers to the Magistrate Judge's Questionnaire constitute an amendment to the filed complaint. *See Macias v. Raul a. (Uknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

**Findings and Conclusions of the**
**United States Magistrate Judge**           Page -1-

**III. Discussion**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**A. Dallas County Sheriff's Department**

Plaintiff names the Dallas County Sheriff's Department as a defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police*

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

*Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority."  *Darby*, 939 F.2d at 313 (agency of city government).  Governmental offices and departments do not have a separate legal existence.  *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (finding Dallas County Health Department is not a jural entity); *Stuart v. Sheriff of Dallas County*, No.:01-CV-2129-L, 2003 U.S. Dist. WL 21418630 (N.D. Tex. March 27, 2003) (finding Dallas County Medical Department is not a jural entity).  The Dallas County Sheriff's Department should therefore be dismissed.

### B.  University of Texas Medical Branch

Plaintiff attempts to sue UTMB, the provider of medical services at the jail.  UTMB is an agency of the State of Texas.  *See Sampson v. United States*, 73 Fed. Apex. 48, 49, 2003 WL 21919906, *1 (5th Cir. 2003) (unpublished per curiam); *O'Rourke v. United States*, 298 F. Supp.2d 531, 535-36 (E.D. Tex. 2004).  As such, it is immune from suit in federal court under the Eleventh Amendment of the United States Constitution.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  This Defendant should therefore be dismissed.

### C.  Dallas County

Plaintiff names Dallas County as a defendant.  He states that Dallas County did not provide him medical care for his skin condition, although he has requested medical care numerous times.  Plaintiff's denial of medical care claim is governed by the "deliberate

indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Dallas County should proceed and process should be issued as to this Defendant.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Dallas County should proceed and process should be issued as to this Defendant; (2) Plaintiff's claims against the Dallas County Sheriff's Department and the UTMB should be dismissed with prejudice as frivolous.

Signed June 16, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE